UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALVIN WALKER,<br><br>                    Plaintiff,<br><br>    v.<br><br>OFFICER NICHOLAS HOGAN, OFFICER JACOB BERRY, and THE CITY OF TUKWILA and its POLICE DEPARTMENT;<br><br>                    Defendants. | No.<br><br>COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF WASHINGTON'S PUBLIC RECORDS ACT |

## I.    NATURE OF THE CASE

This case arises out of the use of excessive force by Tukwila Police Officers Nicholas Hogan and Jacob Berry against Plaintiff Alvin Walker.  After arresting Mr. Walker, Officer Hogan broke Mr. Walker's elbow by using a "bent-arm" takedown and/or other excessive force. Officer Berry then unnecessarily applied oleoresin capsicum (OC) spray to Mr. Walker's face, including in his eyes, nose, and lungs, then threw him in the back of a patrol car where he remained for over twenty minutes without medical care or even water to rinse his eyes or airway. Then, without probable cause, the officers attempted to have Mr. Walker prosecuted for resisting arrest to cover up their own illegal use of force.  Defendants' conduct violated Plaintiff's rights to be free from unreasonable seizure and malicious prosecution under the Fourth Amendment to the United States Constitution.  Defendant City of Tukwila violated Washington's Public Records Act, RCW 42.56 *et seq.*, by failing to disclose and produce documents requested by Plaintiff during pre-filing investigation, which would have shed light on its officers' misconduct.

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

## II.    PARTIES

2.1    Plaintiff Alvin Walker resides in King County, Washington, which is within the Western District of Washington.

2.2    Defendant Nicholas Hogan is a police officer for the Tukwila Police Department, located in King County, Washington, which is within the Western District of Washington.

2.3    Defendant Jacob Berry is a police officer for the Tukwila Police Department, located in King County, Washington, which is within the Western District of Washington.

2.4    Defendant City of Tukwila, including its Police Department, is a municipal corporation formed under the laws of the State of Washington.  Defendant City of Tukwila is a "public agency" within the meaning of the Public Records Act, RCW 42.56 *et seq.*, and is subject to the provisions of that Act.

## III.    JURISDICTION AND VENUE

3.1    The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 42 U.S.C. § 1367.

3.2    Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and at least some of the Defendants reside in this District.  28 U.S.C. § 1391.

## IV.    SCOPE OF EMPLOYMENT AND COLOR OF LAW

4.1    At all times relevant to Plaintiff's claims, Defendant Nicholas Hogan acted within the scope and authority of his employment with the Tukwila Police Department, and all of his acts and omissions described in this Complaint were under color of law within the meaning of 42 U.S.C. § 1983.

4.2    At all times relevant to Plaintiff's claims, Defendant Jacob Berry acted within the scope and authority of his employment with the Tukwila Police Department, and all of his acts and omissions described in this Complaint were under color of law within the meaning of 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF
WASHINGTON'S PUBLIC RECORDS ACT - 2

No. [Cause Number]

10563.01 gh091401

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

# V.    FACTS

5.1.    In the early morning hours of June 4, 2011, Officers Hogan and Berry responded to a citizen report of an argument or fight in Tukwila, Washington.

5.2.    They approached Plaintiff Alvin Walker and his friend, Sedrick McNeair. Neither officer observed the two men being physically or verbally abusive to one another, and they observed no signs of assault.

5.3.    Nevertheless, the officers separated the two men, and locked Mr. Walker in the back of Officer Hogan's patrol car.

5.4.    Officer Hogan then asked Mr. Walker for his identification. Mr. Walker complied.

5.5.    Officer Hogan claims to have found an outstanding warrant for Mr. Walker's arrest.

5.6.    Officer Hogan opened the patrol car door and asked Mr. Walker to step out of the car. Mr. Walker complied.

5.7.    Officer Hogan declared under penalty of perjury that Mr. Walker "had trouble holding his balance whenever he was on his feet." That was a false statement. The dashboard camera video from Officer Berry's car shows no evidence that Mr. Walker was unsteady on his feet.

5.8.    Officer Hogan placed Mr. Walker under arrest.

5.9.    Officer Hogan asked Mr. Walker to place his hands behind his back; Mr. Walker complied.

5.10.    On the dashboard camera video, Mr. Walker can then be seen calmly gesturing with his left palm to the sky while Officer Hogan is attempting to place a handcuff on Mr. Walker's right hand.

5.11.    Officer Hogan declared under penalty of perjury that he "secured" Mr. Walker's right arm. That statement was false. The dashboard camera video shows that Officer Hogan,

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

1 due to his own difficulties and not any resistance by Mr. Walker, was unable to place the
2 handcuff on Mr. Walker's right arm.

3     5.12.    Officer Hogan declared under penalty of perjury that Mr. Walker "yanked" his
4 left arm from Officer Hogan's grasp. That statement was false. The dashboard camera video
5 shows that Mr. Walker calmly raised his left hand with palm facing the sky in a questioning
6 gesture before Officer Hogan had secured Mr. Walker's right hand.

7     5.13.    When making the questioning gesture with his left hand, Mr. Walker was
8 explaining that he had no outstanding warrant and denied fighting with his friend.

9     5.14.    Officer Hogan then, without provocation or resistance from Mr. Walker, used a
10 "bent arm" takedown maneuver (a pain compliance technique) to take Mr. Walker to the ground.
11 The force used was neither reasonable nor necessary, and was thus excessive.

12     5.15.    Officer Hogan and Officer Berry placed handcuffs on Mr. Walker behind his
13 back, while Officer Berry placed his knee on Mr. Walker's head, pushing his face into the
14 asphalt.

15     5.16.    Officers Hogan and Berry ordered Mr. Walker to his feet, but did not assist him.
16 Mr. Walker could not stand up because he could not use his hands. After watching Mr. Walker
17 struggle to stand up, the officers started to pull him to his feet, then threw him to the ground
18 again, kicked him in the back, and finally raised him to his feet.

19     5.17.    Officers Hogan and Berry then opened the rear driver's side door to Officer
20 Berry's car. Without provocation or need, Officer Berry then sprayed Mr. Walker in the eyes,
21 nose, and mouth with Oleoresin Capsicum (OC) Spray. Officer Berry then yelled "Get in the
22 fuckin' car!" and shoved Mr. Walker onto the back seat of the car. Neither officer secured
23 Mr. Walker with a seatbelt.

24     5.18.    The officers slammed the car door, and walked to Officer Hogan's car. Several
25 minutes passed. Mr. Walker can be heard moaning in pain on the audio recording.

26     5.19.    The officers did not provide medical assistance to Mr. Walker. The officers did
27 not call for medical assistance.

COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF
WASHINGTON'S PUBLIC RECORDS ACT - 4

No. [Cause Number]

10563.01 gh091401

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

1    5.20.   The officers did not even provide water to Mr. Walker, or assist in washing out

2  his eyes or airway.

3    5.21.   After approximately eight minutes, Officer Berry returned to his car, opened

4  windows, and drove to the Kent Police Department.

5    5.22.   While travelling to the Kent Police Department, Officer Berry did not provide

6  medical assistance or even water to Mr. Walker, nor did he arrange for medical assistance to be

7  provided en route or when he arrived at the Kent Police Department. During the travel,

8  Mr. Walker is in obvious pain and distress.

9    5.23.   Approximately fifteen minutes after applying OC Spray to Mr. Walker's face,

10  Officer Berry offered to wipe Mr. Walker's face.  Mr. Walker blew his nose, which was running

11  profusely because of the OC Spray.  Officer Berry can be heard laughing at Mr. Walker.

12    5.24.   Officer Berry then removed Mr. Walker from the car, and transferred him to the

13  custody of the Kent Police Department.

14    5.25.   The Officers' application of OC Spray and their failure to provide any medical

15  attention (or even any water to rinse out Plaintiff's eyes and airway) violates standard police

16  protocols and constitutes excessive force.

17    5.26.   The Kent Police Department released Mr. Walker the following day on his own

18  recognizance.

19    5.27.   Mr. Walker's mother picked him up from the police department and took him to

20  Highline Medical Center Emergency Room, where x-rays showed that Mr. Walker's right elbow

21  had been fractured.  Officer Hogan caused this fracture when he took Mr. Walker down using a

22  "bent-arm" takedown and/or other excessive force.

23    5.28.   Officer Hogan's acts and omissions described above caused financial, physical,

24  and emotional harm to Mr. Walker, including but not limited to ongoing pain, discomfort, and

25  diminished use.

26    5.29.   Officer Berry's unconstitutional and negligent acts and omissions described above

27  caused physical and emotional harm to Mr. Walker.

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

5.30.    Defendants recommended that Mr. Walker be charged with resisting arrest, a charge based on intentionally and/or recklessly false information and material omissions that amounted to a malicious prosecution.

5.31.    The malicious prosecution instigated by Defendants caused Mr. Walker emotional distress, anxiety, inconvenience, among other harm.

5.32.    The resisting arrest charge was later dismissed.

5.33.    Mr. Walker filed a complaint of excessive force in conjunction with his arrest.

5.34.    Tukwila Police Department investigated the complaint and sustained the allegations of "excessive force" against Officer Hogan.  Tukwila Police Department did not investigate or sustain allegations against Officer Berry.

5.35.    During the investigation of this case, Plaintiff's counsel requested various documents from the City of Tukwila ("the City") related to the events described above under the Public Records Act, RCW 42.56 *et seq.*  Requested documents included the police reports and other records from the night of the arrest, the investigation file that led to the sustained finding of excessive force, and other documents related to allegations of excessive force against Officers Hogan and Berry.

5.36.    Plaintiff first requested documents under the PRA on February 5, 2013, specifically asking for documents and recordings about the June 4, 2011 incident and arrest of Mr. Walker, documents about the subsequent investigation into Mr. Walker's administrative complaint of excessive force, and "documents related to the disposition of the investigation into the officers' conduct during and after the arrest of Alvin Walker, Jr. on June 4, 2011, whether the allegations were sustained or unsustained, and what discipline was imposed on either of the officers involved, if any," among others.  Attachment A.  These requests were sent separately both to the "Tukwila Police Records Manager" and the City's "Public Records Officer."  *Id.*

5.37.    The City did not respond to this request, in violation of RCW 42.56.520, which requires a response within five business days or, absent disclosure or a denial of the request, an

COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF
WASHINGTON'S PUBLIC RECORDS ACT - 6

No. [Cause Number]

10563.01 gh091401

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1   acknowledgment that the agency . . . has received the request and . . . a reasonable estimate of

2   the time the agency . . . will require to respond to the request[.]"

3       5.38.    On or about March 27, 2013, the office of Plaintiff's counsel followed up.

4   Tukwila police department officials claimed they did not receive that request, though the request

5   was also received by the City, who told Plaintiff's counsel to seek the documents from the Police

6   Department.  That day, Plaintiff's counsel re-submitted the February 5, 2013 PRA request to the

7   police department.  Attachment B.

8       5.39.    In response, the police department notified by email that Plaintiff's counsel

9   "should hear back by next Friday, 4/5/13."  No responsive records production occurred by April

10   5, 2013.  On April 8, 2013, Plaintiff's counsel again followed up with Rebecca McGregor at the

11   Tukwila Police Department.  When the police department failed to respond to this email,

12   Plaintiff's counsel again inquired on April 9, and again on April 11.  Attachment C.

13       5.40.    Tukwila Police Department produced, as a "first installment," documents related

14   directly to the incident on April 15, 2013, stating that a second installment of documents would

15   be produced by April 29, 2013.

16       5.41.    Having heard nothing about a second installment, Plaintiff's counsel inquired yet

17   again, by email on May 21, 2013, specifically reiterating the request for "internal investigation

18   files for two officers involved in the arrest of my client, Alvin Walker" with reference to the

19   original request lodged on February 5, 2013.  Attachment D.  In that follow-up email, Plaintiff's

20   counsel reminded Ms. McGregor:  "These documents should be public record, in particular any

21   documents related to sustained discipline.  One of the officers was found to have used excessive

22   force on Mr. Walker during his arrest.  At a minimum, those documents should be produced."

23   *Id.* at 1.

24       5.42.    Plaintiff's position, articulated in the May 21, 2013 email to Ms. McGregor, is

25   correct under controlling Washington authority.  There is no doubt that Plaintiff, and the public

26   generally, is entitled under the Public Records Act to obtain documents pertaining to the

27   investigation of Officer Hogan and the Tukwila Police Department's sustained finding that he

COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF
WASHINGTON'S PUBLIC RECORDS ACT - 7

No. [Cause Number]

10563.01 gh091401

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1  used excessive force against Mr. Walker. *See Bellevue John Does 1-11 v. Bellevue School Dist.*

2  *#405*, 164 Wn.2d 199, 215, 189 P.3d 139 (2008) (holding "when a complaint regarding

3  misconduct during the course of public employment is substantiated or results in some sort of

4  discipline, an employee does not have a right to privacy in the complaint"); *compare Bainbridge*

5  *Island Police Guild v. Puyallup*, 172 Wn.2d 398, 413, 259 P.3d 190 (2011) (only

6  "unsubstantiated" complaints of police misconduct may be exempted under PRA).

7      5.43.    Despite several requests for the remainder of these public records, Tukwila Police

8  Department has failed to produce investigative and disciplinary documents (including the

9  sustained administrative finding of excessive force against Mr. Walker by Officer Hogan), or

10  documents related to other allegations of excessive force used against Officers Hogan and Berry.

11  This failure violates RCW 42.56.520, which provides that "[r]esponses to requests for public

12  records shall be made promptly by agencies."

13      5.44.    Tukwila Police Department has never claimed or asserted any exception to public

14  disclosure.  To the extent there are now records that have not been disclosed or produced, the

15  City is not in compliance with RCW 42.56.210(3), which requires that "[a]gency responses

16  refusing, in whole or in part, inspection of any public record shall include a statement of the

17  specific exemption authorizing the withholding of the record (or part) and a brief explanation of

18  how the exemption applies to the record withheld."

19      5.45.    The City's non-disclosure and withholding of records, in violation of RCW 42.56,

20  hindered Plaintiff's ability to investigate his complaint of excessive force and to vindicate his

21  civil rights.

22              **VI.    CLAIMS**

23      All facts in the above paragraphs are incorporated herein.

24          **VIOLATIONS OF THE FOURTH AMENDMENT**

25      6.1.    By their acts and omissions described above, Defendants Hogan and Berry

26  violated Plaintiff Walker's Fourth Amendment rights to be free from unreasonable seizures,

27  including excessive force and malicious prosecution.

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

1    6.2.    Defendants Hogan and Berry's acts and omissions in violation of Plaintiff

Walker's Fourth Amendment rights caused monetary, physical and emotional harm that is

subject to redress under 42 U.S.C. § 1983.

**VIOLATIONS OF THE PUBLIC RECORDS ACT**

6.3.    Due to the acts and omissions described above, Defendant City of Tukwila failed

to meet its burden in adequately responding to Plaintiff's public records request set forth in

Attachments A, B, and D, in violation of RCW 42.56.

**VII.    REQUEST FOR RELIEF**

Plaintiff respectfully requests the following relief:

7.1.    A declaration that Defendants' actions violated the civil rights of Plaintiff;

7.2.    An order enjoining Defendants from future violations of civil rights of Plaintiff;

7.3.    Damages for physical harm and pain and suffering;

7.4.    Damages for emotional distress and harm;

7.5.    Damages for past and future medical care;

7.6.    Punitive damages against the individual defendants;

7.7.    An order compelling Defendant City of Tukwila to produce the requested public

records;

7.8.    Statutory penalties for withholding of public records pursuant to RCW

42.56.550(4);

7.9.    Pre-judgment and post-judgment interest on any awarded amounts;

7.10.    Attorney's fees and costs pursuant to 42 U.S.C. § 1988, RCW 42.56.550(4), and

other applicable law.

7.11.    Other declaratory and injunctive relief as the Court deems just and equitable.

7.12.    The right to conform the pleadings to the evidence presented.

COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF
WASHINGTON'S PUBLIC RECORDS ACT - 9

No. [Cause Number]

10563.01 gh091401

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

DATED this 9th day of August, 2013.

MacDONALD HOAGUE & BAYLESS

By: _s/Joseph Shaeffer_
Joseph R. Shaeffer, WSBA # 33273
JosephS@MHB.com
Attorneys for Plaintiff


_s/David Whedbee_
David Whedbee, WSBA # 35977
davidw@MHB.com
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND FOR VIOLATIONS OF
WASHINGTON'S PUBLIC RECORDS ACT - 10

No. [Cause Number]
10563.01 gh091401

**MacDONALD HOAGUE & BAYLESS**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

Tel 206.622.1604
Fax 206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Michael J. Allen
Miguel A. Bocanegra
Andrea Brenneke
Katherine C. Chamberlain
Andrew T. Chan
Mel Crawford
Timothy K. Ford
Katrin E. Frank
Felicia L. Gittleman
Ester Greenfield
Elizabeth Poh
Amy M. Royalty
Joseph R. Shaeffer
Jack Sheridan
Kirsten Taniguchi
Beth Touschner
David J. Whedbee
Jesse Wing

February 5, 2013

Tukwila Police Records Manager
6200 Southcenter Boulevard
Tukwila, WA 98188

      Re:    Public Records Request
             Tukwila Police Department Arrest of Alvin Walker, Jr. DOB ▮▮▮▮
             Date of Arrest: June 4, 2011

Dear Records Manager:

      Our office represents Alvin Walker, Jr. The following is a request under the Washington State Public Records Act, RCW 42.56. Please produce copies of the following:

- All records and tapes pertaining to all police and jail contact with Alvin Walker, Jr. on June 4, 2011; and ALL records and tapes pertaining to police and jail contact with Alvin Walker, Jr. from June 1 to June 30, 2011. This should include, but should not be limited to all 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident.

- All documents related to the investigation into Alvin Walker, Jr.'s complaint of excessive force arising out of his arrest on June 4, 2011, including but not limited to any investigative files or documents, including any "IA" or "II" investigative files, criminal investigation files, interview tapes and transcripts, *Garity* warnings, 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident. Please include all investigative information arising from this

incident, whether or not the allegations were sustained, including but not limited to the use of a "bent armbar takedown" and the use of OC spray on Mr. Walker.

- All documents related to the disposition of the investigation into the officers' conduct during and after the arrest of Alvin Walker, Jr. on June 4, 2011, whether the allegations were sustained or unsustained, and what discipline was imposed on either of the officers involved, if any.

- All documents related to the warrant under which Tukwila Police Officers Hogan and Berry arrested Alvin Walker, Jr. on June 4, 2011.

- All documents related to the arrest, detention, and prosecution of Alvin Walker, Jr. arising out of or related to his arrest on June 4, 2011.

- All documents related to any other complaints of excessive force by Tukwila Police Officer Hogan.

- All documents related to any complaints of excessive force by Tukwila Police Officer Berry.

The records are requested for a non-commercial use. As required by law, please respond to this request within five working days.

Please note that the policy of the Public Records Act is to favor disclosure and the exemptions of the Act are narrowly construed. *Woods v. Lowe*, 102 Wn. App. 872, 10 P.3d 494 (2000). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520. If your agency withholds any of the requested documents under one or more of the Act's exemptions, it must nevertheless disclose which records exist so the requestor can assess the validity of any asserted exemption. See *Sanders v. State of Washington*, 169 Wn.2d 827, 846-47, 240 P.3d 120 (2010). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520.

If the requested records are available in digital form please contact me at the telephone number listed above or via email at josephs@mhb.com so we can determine if production in that format is more convenient for both

Thank you for your time and attention to this matter. If there is a cost associated with the request please contact me immediately so that our office may provide you with prompt payment. Lastly, if you anticipate that the cost will exceed $100.00, please contact me and we can refine the request as needed.

Thank you for your time and attention to this matter.

Very truly yours,

MACDONALD HOAGUE & BAYLESS

Joseph R. Shaeffer

705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

Tel 206.622.1604
Fax 206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Michael J. Allen
Miguel A. Bocanegra
Andrea Brenneke
Katherine C. Chamberlain
Andrew T. Chan
Mel Crawford
Timothy K. Ford
Katrin E. Frank
Felicia L. Gittleman
Ester Greenfield
Elizabeth Poh
Amy M. Royalty
Joseph R. Shaeffer
Jack Sheridan
Kirsten Taniguchi
Beth Touschner
David J. Whedbee
Jesse Wing

February 5, 2013

Public Records Officer
Tukwila City Hall – City Clerk's Office
6200 Southcenter Boulevard
Tukwila, WA 98188

Re:     Public Records Request
        Tukwila Police Department Arrest of Alvin Walker, Jr. DOB ████
        Date of Arrest: June 4, 2011Dear Records Officer:

The following is a request under the Washington State Public Records Act, RCW 42.56. *This request has also been sent to the Tukwila Police Department, so the following request is made only to the extent requested documents are not duplicative of those provided by the Tukwila Police Department.* Please provide copies of:

- ALL records and tapes pertaining to all police and jail contact with Alvin Walker, Jr. on June 4, 2011; and ALL records and tapes pertaining to police and jail contact with Alvin Walker, Jr. from June 1 to June 30, 2011. This should include, but should not be limited to all 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident.

- All documents related to the investigation into Alvin Walker, Jr.'s complaint of excessive force arising out of his arrest on June 4, 2011, including but not limited to any investigative files or documents, including any "IA" or "II" investigative files, criminal investigation files, interview tapes and transcripts, *Garity* warnings, 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident. Please include all investigative information arising from this

incident, whether or not the allegations were sustained, including but not limited to the use of a "bent armbar takedown" and the use of OC spray on Mr. Walker.

- All documents related to the disposition of the investigation into the officers' conduct during and after the arrest of Alvin Walker, Jr. on June 4, 2011, whether the allegations were sustained or unsustained, and what discipline was imposed on either of the officers involved, if any.

- All documents related to the warrant under which Tukwila Police Officers Hogan and Berry arrested Alvin Walker, Jr. on June 4, 2011.

- All documents related to the arrest, detention, and prosecution of Alvin Walker, Jr. arising out of or related to his arrest on June 4, 2011.

- All documents related to any other complaints of excessive force by Tukwila Police Officer Hogan.

- All documents related to any complaints of excessive force by Tukwila Police Officer Berry.

The records are requested for a non-commercial use. As required by law, please respond to this request within five working days.

Please note that the policy of the Public Records Act is to favor disclosure and the exemptions of the Act are narrowly construed. *Woods v. Lowe*, 102 Wn. App. 872, 10 P.3d 494 (2000). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520. If your agency withholds any of the requested documents under one or more of the Act's exemptions, it must nevertheless disclose which records exist so the requestor can assess the validity of any asserted exemption. See *Sanders v. State of Washington*, 169 Wn.2d 827, 846-47, 240 P.3d 120 (2010). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520.

If the requested records are available in digital form please contact me at the telephone number listed above or via email at josephs@mhb.com so we can determine if production in that format is more convenient for both

Thank you for your time and attention to this matter. If there is a cost associated with the request please contact me immediately so that our office may provide you with prompt payment. Lastly, if you anticipate that the cost will exceed $100.00, please contact me and we can refine the request as needed.

Very truly yours,

MACDONALD HOAGUE & BAYLESS

Joseph R. Shaeffer

# ATTACHMENT B

**To Complaint for Damages and**
**Violations of Washington's Public Records Act**

## David J. Whedbee

**From:**        Joseph R. Shaeffer
**Sent:**        Wednesday, March 27, 2013 1:46 PM
**To:**          r.mcgregor@tukwilawa.gov
**Cc:**          Brina M. Carranza
**Subject:**     public disclosure request
**Attachments:** WALKER-2013-02-05 LTR to Tukwila Police Dept re PRA Request.pdf.pdf

Hello Ms. McGregor:

My assistant Brie Carranza has left a message for you regarding the attached request.
We submitted it to your office in February, but to date have received no response.

Please let me know the status of the request at your earliest convenience.

Thank you,
Joe Shaeffer

**Joe Shaeffer** | Attorney | **MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500 | Seattle, WA 98104
☎ 206.622.1604 | Fax 206.343.3961 | ✉ josephs@mhb.com| www.mhb.com

**MHB** MacDonald Hoague & Bayless
ATTORNEYS AND COUNSELORS AT LAW

705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

Tel 206.622.1604
Fax 206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Michael J. Allen
Miguel A. Bocanegra
Andrea Brenneke
Katherine C. Chamberlain
Andrew T. Chan
Mel Crawford
Timothy K. Ford
Katrin E. Frank
Felicia L. Gittleman
Ester Greenfield
Elizabeth Poh
Amy M. Royalty
Joseph R. Shaeffer
Jack Sheridan
Kirsten Taniguchi
Beth Touschner
David J. Whedbee
Jesse Wing

February 5, 2013

Tukwila Police Records Manager
6200 Southcenter Boulevard
Tukwila, WA 98188

> Re: Public Records Request
> Tukwila Police Department Arrest of Alvin Walker, Jr. DOB ████
> Date of Arrest: June 4, 2011

Dear Records Manager:

Our office represents Alvin Walker, Jr. The following is a request under the Washington State Public Records Act, RCW 42.56. Please produce copies of the following:

- All records and tapes pertaining to all police and jail contact with Alvin Walker, Jr. on June 4, 2011; and ALL records and tapes pertaining to police and jail contact with Alvin Walker, Jr. from June 1 to June 30, 2011. This should include, but should not be limited to all 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident.

- All documents related to the investigation into Alvin Walker, Jr.'s complaint of excessive force arising out of his arrest on June 4, 2011, including but not limited to any investigative files or documents, including any "IA" or "II" investigative files, criminal investigation files, interview tapes and transcripts, *Garity* warnings, 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident. Please include all investigative information arising from this

incident, whether or not the allegations were sustained, including but not limited to the use of a "bent armbar takedown" and the use of OC spray on Mr. Walker.

- All documents related to the disposition of the investigation into the officers' conduct during and after the arrest of Alvin Walker, Jr. on June 4, 2011, whether the allegations were sustained or unsustained, and what discipline was imposed on either of the officers involved, if any.

- All documents related to the warrant under which Tukwila Police Officers Hogan and Berry arrested Alvin Walker, Jr. on June 4, 2011.

- All documents related to the arrest, detention, and prosecution of Alvin Walker, Jr. arising out of or related to his arrest on June 4, 2011.

- All documents related to any other complaints of excessive force by Tukwila Police Officer Hogan.

- All documents related to any complaints of excessive force by Tukwila Police Officer Berry.

The records are requested for a non-commercial use. As required by law, please respond to this request within five working days.

Please note that the policy of the Public Records Act is to favor disclosure and the exemptions of the Act are narrowly construed. *Woods v. Lowe*, 102 Wn. App. 872, 10 P.3d 494 (2000). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520. If your agency withholds any of the requested documents under one or more of the Act's exemptions, it must nevertheless disclose which records exist so the requestor can assess the validity of any asserted exemption. See *Sanders v. State of Washington*, 169 Wn.2d 827, 846-47, 240 P.3d 120 (2010). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520.

If the requested records are available in digital form please contact me at the telephone number listed above or via email at josephs@mhb.com so we can determine if production in that format is more convenient for both

Thank you for your time and attention to this matter. If there is a cost associated with the request please contact me immediately so that our office may provide you with prompt payment. Lastly, if you anticipate that the cost will exceed $100.00, please contact me and we can refine the request as needed.

Thank you for your time and attention to this matter.

Very truly yours,

MACDONALD HOAGUE & BAYLESS

Joseph R. Shaeffer

# ATTACHMENT C

**To Complaint for Damages and**
**Violations of Washington's Public Records Act**

| | |
|---|---|
| **From:** | Joseph R. Shaeffer |
| **Sent:** | Thursday, April 11, 2013 4:34 PM |
| **To:** | Joseph R. Shaeffer; Rebecca McGregor |
| **Cc:** | Brina M. Carranza |
| **Subject:** | RE: public disclosure request |

Hi Rebecca:
I just left you a voicemail.
Please give me a call to let me know the status of this PRA request.
Thanks
Joe

---

**From:** Joseph R. Shaeffer
**Sent:** Tuesday, April 09, 2013 5:15 PM
**To:** Joseph R. Shaeffer; Rebecca McGregor
**Cc:** Brina M. Carranza
**Subject:** RE: public disclosure request

Hello Rebecca:

Sorry to bother you again, but I'd like to get an idea about when we will receive the requested documents.

Thank you,
Joe Shaeffer

---

**From:** Joseph R. Shaeffer
**Sent:** Monday, April 08, 2013 5:37 PM
**To:** 'Rebecca McGregor'
**Cc:** Brina M. Carranza
**Subject:** RE: public disclosure request

Hello, Rebecca:
I wanted to follow up on this PRA request.
When do you anticipate being able to provide documents?
Thank you.
Joe Shaeffer

---

**From:** Rebecca McGregor [mailto:R.McGregor@TukwilaWA.gov]
**Sent:** Thursday, March 28, 2013 3:37 PM
**To:** Joseph R. Shaeffer
**Cc:** Brina M. Carranza
**Subject:** RE: public disclosure request

Hi Joe,

Unfortunately I checked all of our outstanding records requests and for some reason I do not have this one.  I will begin processing this right away, and you should hear back by next Friday, 4/5/13.

My apologies for any inconveniences this may have caused,

Rebecca McGregor, Records Manager
Tukwila Police Department

---

**From:** Joseph R. Shaeffer [mailto:josephs@MHB.com]
**Sent:** Wednesday, March 27, 2013 1:46 PM
**To:** Rebecca McGregor
**Cc:** Brina M. Carranza
**Subject:** public disclosure request

Hello Ms. McGregor:

My assistant Brie Carranza has left a message for you regarding the attached request.
We submitted it to your office in February, but to date have received no response.

Please let me know the status of the request at your earliest convenience.

Thank you,
Joe Shaeffer

**Joe Shaeffer** | Attorney | **MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500 | Seattle, WA 98104
☎ 206.622.1604 | Fax 206.343.3961 | ✉ josephs@mhb.com| www.mhb.com

**David J. Whedbee**

---

**From:** Joseph R. Shaeffer
**Sent:** Tuesday, May 21, 2013 4:58 PM
**To:** Rebecca McGregor
**Subject:** Public Records Act Follow Up

Hello Rebecca:
I have not heard from you for a while, and wanted to follow up. See attached PRA.

I had made a request for internal investigation files for two officers involved in the arrest of my client, Alvin Walker. I also requested other documents related to other allegations of excessive force by either one of the officers.

(I have received a few documents related to Mr. Walker's arrest, but nothing else)

When we last spoke, you told me that someone from legal was going to have to review the documents before they could be produced.

Can you please update me on the status?
These documents should be public record, in particular any documents related to sustained discipline. One of the officers was found to have used excessive force on Mr. Walker during his arrest. At a minimum, those documents should be produced.

Thank you,
Joe

**Joe Shaeffer** | Attorney | **MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500 | Seattle, WA 98104
☎ 206.622.1604 | Fax 206.343.3961 | ✉ josephs@mhb.com| www.mhb.com

705 Second Avenue
Suite 1500
Seattle, Washington
98104-1745

Tel 206.622.1604
Fax 206.343.3961

Alec Bayless (1921-1991)
Francis Hoague (1909-1993)
Kenneth A. MacDonald (1917-2012)

Michael J. Allen
Miguel A. Bocanegra
Andrea Brenneke
Katherine C. Chamberlain
Andrew T. Chan
Mel Crawford
Timothy K. Ford
Katrin E. Frank
Felicia L. Gittleman
Ester Greenfield
Elizabeth Poh
Amy M. Royalty
Joseph R. Shaeffer
Jack Sheridan
Kirsten Taniguchi
Beth Touschner
David J. Whedbee
Jesse Wing

February 5, 2013

Tukwila Police Records Manager
6200 Southcenter Boulevard
Tukwila, WA 98188

Re: Public Records Request
Tukwila Police Department Arrest of Alvin Walker, Jr. DOB 
Date of Arrest: June 4, 2011

Dear Records Manager:

Our office represents Alvin Walker, Jr. The following is a request under the Washington State Public Records Act, RCW 42.56. Please produce copies of the following:

- All records and tapes pertaining to all police and jail contact with Alvin Walker, Jr. on June 4, 2011; and ALL records and tapes pertaining to police and jail contact with Alvin Walker, Jr. from June 1 to June 30, 2011. This should include, but should not be limited to all 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident.

- All documents related to the investigation into Alvin Walker, Jr.'s complaint of excessive force arising out of his arrest on June 4, 2011, including but not limited to any investigative files or documents, including any "IA" or "II" investigative files, criminal investigation files, interview tapes and transcripts, *Garity* warnings, 911 calls, the radio dispatch, all related police radio communications, all recordings made on all channels, including administrative channels, CAD, MDT, NCIC, as well as any additional internal transmissions regarding this above-referenced incident. Please include all investigative information arising from this

incident, whether or not the allegations were sustained, including but not limited to the use of a "bent armbar takedown" and the use of OC spray on Mr. Walker.

- All documents related to the disposition of the investigation into the officers' conduct during and after the arrest of Alvin Walker, Jr. on June 4, 2011, whether the allegations were sustained or unsustained, and what discipline was imposed on either of the officers involved, if any.

- All documents related to the warrant under which Tukwila Police Officers Hogan and Berry arrested Alvin Walker, Jr. on June 4, 2011.

- All documents related to the arrest, detention, and prosecution of Alvin Walker, Jr. arising out of or related to his arrest on June 4, 2011.

- All documents related to any other complaints of excessive force by Tukwila Police Officer Hogan.

- All documents related to any complaints of excessive force by Tukwila Police Officer Berry.

The records are requested for a non-commercial use. As required by law, please respond to this request within five working days.

Please note that the policy of the Public Records Act is to favor disclosure and the exemptions of the Act are narrowly construed. *Woods v. Lowe*, 102 Wn. App. 872, 10 P.3d 494 (2000). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520. If your agency withholds any of the requested documents under one or more of the Act's exemptions, it must nevertheless disclose which records exist so the requestor can assess the validity of any asserted exemption. See *Sanders v. State of Washington*, 169 Wn.2d 827, 846-47, 240 P.3d 120 (2010). An agency that denies access to public records must cite the relevant exemption and explain how it applies to the withheld records. RCW 42.56.520.

If the requested records are available in digital form please contact me at the telephone number listed above or via email at josephs@mhb.com so we can determine if production in that format is more convenient for both

Thank you for your time and attention to this matter. If there is a cost associated with the request please contact me immediately so that our office may provide you with prompt payment. Lastly, if you anticipate that the cost will exceed $100.00, please contact me and we can refine the request as needed.

Thank you for your time and attention to this matter.

Very truly yours,

MACDONALD HOAGUE & BAYLESS

Joseph R. Shaeffer